**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | : : : | 08-cv-1678 |
| | : | Hon. John E. Jones III |
| Plaintiffs, | : : | |
| v. | : : | |
| SHARP ELECTRONICS CORPORATION, et al., | : : : | |
| Defendants. | : : | |

**MEMORANDUM & ORDER**

**July 5, 2011**

## I.   INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser, filed on June 2, 2011. (Doc. 53.) Judge Smyser recommends that the Court grant Defendants Sharp Electronics Corporation, Sharp Corporation, Sharp Electronics Manufacturing Company of America, Inc., (collectively, "Sharp"), and Office Depot, Inc.'s ("Office Depot"), (collectively, "Defendants") Motion for Summary Judgment (Doc. 41) and close the case. Plaintiffs Liberty Mutual Fire Insurance Company ("Liberty Mutual") and Edens & Avant Financing, L.P., (collectively, "Plaintiffs"), filed Objections to the R&R (Doc. 57) and a Brief in Support of the Objections (Doc. 58) on June 20,

1

2011.  Defendants filed a Reply to Plaintiffs' Objections on June 28, 2011 (Doc. 59).  Accordingly, this matter is ripe for disposition.  For the reasons articulated in this Memorandum, we shall reject the R&R and deny Defendants' Motion for Summary Judgment.  An appropriate Order follows.

## II.   STANDARD OF REVIEW

### A.   Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.   Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent.*

*Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

**III. BACKGROUND**

On May 22, 2006, a fire began in the Authentic China Wok in State College, Pennsylvania shortly after the restaurant closed for the evening. The Plaintiffs claim that the fire began in a cash register because of an electrical defect. Plaintiffs maintain that Wen Qui Lu purchased a Sharp register at an Office Depot Store in Bellefonte, Pennsylvania and that it was manufactured by Sharp. The fire caused extensive damage to the restaurant and to an adjacent shopping center and Subway restaurant. The owners of the restaurant and the shopping center, their insurers,

*Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

**III.   BACKGROUND**

On May 22, 2006, a fire began in the Authentic China Wok in State College, Pennsylvania shortly after the restaurant closed for the evening. The Plaintiffs claim that the fire began in a cash register because of an electrical defect. Plaintiffs maintain that Wen Qui Lu purchased a Sharp register at an Office Depot Store in Bellefonte, Pennsylvania and that it was manufactured by Sharp. The fire caused extensive damage to the restaurant and to an adjacent shopping center and Subway restaurant. The owners of the restaurant and the shopping center, their insurers,

and the insurer of the Subway all brought actions in the Court of Common Pleas for Centre County, Pennsylvania. The actions were removed to this Court by Defendants and were consolidated. Plaintiffs assert strict products liability claims, breach of warranty claims, and negligence claims.

Defendants filed the instant Motion for Summary Judgment (Doc. 41) on March 22, 2011 and the Motion was fully briefed by the parties. (*See* Docs. 41, 42, 46, 49, 50, 52.) Defendants maintain that Plaintiffs have not established sufficient evidence to support an inference that the cash register was a Sharp brand, that it was purchased at the Office Depot Store, or that the fire was caused by a defect in the register. We referred the Motion to Judge Smyser on March 23, 2011 (Doc. 44). Judge Smyser recommends that the Court grant summary judgment because, although there are genuine disputes regarding whether the cash register was a Sharp brand and purchased at the Office Depot, Plaintiffs have failed to produce record evidence that could support an inference that a defect in the cash register caused the fire. Plaintiffs object to Judge Smyser's findings, arguing that Plaintiffs have properly asserted a malfunction theory, that Plaintiffs' expert provides sufficient circumstantial evidence of a product defect to support their strict liability claims, and that the evidence is sufficient to support a breach of warranty claim.

IV. **DISCUSSION**

As previously noted, Plaintiffs do not object to Judge Smyser's findings related to the disputes over whether the cash register was a Sharp brand and whether it was purchased at an Office Depot.  Therefore, we adopt the R&R insofar as Judge Smyser found that there are genuine disputes of material fact related to the brand of the cash register and whether it was purchased at Office Depot in Bellefonte, Pennsylvania as Plaintiffs maintain.  We shall detail our analysis related to the contested portion – whether summary judgment on the issue of a product defect is warranted – below.

Often, as here, there are situations in which direct evidence of a product's malfunction is unavailable.  Thus, Pennsylvania has developed the "malfunction theory" of products liability, whereby a plaintiff "can assert a successful strict product liability claim based purely on circumstantial evidence in cases where the allegedly defective product has been destroyed or is otherwise unavailable." *Barnish v. KWI Bldg. Co.*, 602 Pa. 402, 408 (Pa. 2009).  To successfully assert a malfunction theory, a plaintiff must present sufficient evidence from which a jury can infer that the injury was caused by a defect in the product beyond mere speculation.  *See id.*  Thus, similar to the logic of *res ipsa loquitur*, the malfunction theory permits a plaintiff to prove a defect in a product with evidence of "the occurrence of a malfunction and eliminating abnormal use or reasonable,

secondary causes for the malfunction." *Dansak v. Cameron Coca-Cola Bottling Co., Inc.* 703 A.2d 489, 496 (Pa. Super. 1997).

To that end, Plaintiffs' expert, Thomas Conlan, states:

> It cannot be ruled out that an assembly defect was present to the subject Sharp cash register. An assembly defect can result to pinched wires, improper routing of conductors, conductors installed in a fashion that contacted conductive metal that was at ground potential and over a period in time arc tracking resulted. Normal vibration from the use of the Sharp cash register cannot be ruled out that resulted to damaged electrical insulation by the assembly defect. It cannot be ruled out that the thermal printer malfunctioned that resulted to ignition of the plastic housing or ignition to the roll of thermal register paper. The entire Sharp cash register was consumed by the fire with the exception to the metal cash drawer and the heavy metal power transformer. The power transformer clearly dictates that an internal electrical event occurred. The cause of the internal electrical fault could not be positively identified inside the Sharp cash register because the fire consumed all the internal evidence that started the fire. It must be concluded that the fire was caused by an assembly defect to the Sharp cash register because all of the items in evidence pointed to the Sharp cash register that was unique to the fire damage.

(Doc. 49-5 at 14 (no alteration to original).) Thus, in sum and restated in his Supplemental Report, Conlan's conclusion seems to be that because the fire consumed most of the internal evidence within the cash register, it was caused by a defect in the cash register. Though we agree with Judge Smyser that Conlan's conclusion is, at best, an expert opinion stating that it cannot be ruled out that the fire was caused by a defect in the cash register, it nonetheless passes muster under the malfunction theory of liability. As noted, this theory does not require direct

evidence of a defect. There is record evidence demonstrating that all points of origin for the fire other than the cash register were eliminated. The Kufta Associates' Fire Investigation Report states: "It was at that time determined that the Sharp cash register was the most probable ignition source and/or cause of the fire, inasmuch as it was located at the point of origin for the fire." (Doc. 49-4 p. 4.) Indeed, Centre County Fire Marshal Walter Wise and his assistant, State College Police Sergeant John Wilson, both concluded that the fire originated at the cash register. Thus, though Conlan does not identify the precise assembly defect that caused the fire, common sense strongly suggests that electrical devices, such as cash registers, should not catch on fire. The circumstantial evidence, namely that the fire was not caused by any other source, is in our view sufficient to put this question before a jury. While this will not be an easy path for Plaintiffs to follow, and we express no opinion on the likelihood of success, we shall not deprive Plaintiffs of the opportunity to do so.

## V.     CONCLUSION

For the reasons articulated above, we shall grant Plaintiffs' Objections to the R&R, reject the R&R, and deny Defendants' Motion for Summary Judgment. There is sufficient circumstantial evidence on the record to assert a malfunction theory of liability, and thus create genuine disputes as to whether the cash register

caused the fire and whether it was because of an assembly defect. Because Plaintiffs' claims for strict liability, breach of warranty, and negligence all rely on the theory that the cash register was faultily assembled, they too shall be presented to the jury.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Report and Recommendation of Magistrate Judge Smyser (Doc. 53) is **ADOPTED** in part and **REJECTED** in part as articulated above;

2. Defendants' Motion for Summary Judgment (Doc. 41) is **DENIED**.

/s/ John E. Jones III
John E. Jones III
United States District Judge
